UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-268-RJC

| | |
|---|---|
| **TONY MICHAEL PATTERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **HENDERSON COUNTY DET., et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

## I. BACKGROUND

The pro se Plaintiff was a pretrial detainee at the Henderson County Detention Center (HCDC) when he filed the instant civil rights action pursuant to 42 U.S.C. § 1983.[1] He names as Defendants: the "Henderson County Det.;" and "SRO Team Officers" Dakota Wolfe, FNU Staggs, FNU Hendrix, and a John Doe "unknown" Henderson County deputy. [Doc. 1 at 1, 3]. The Plaintiff asserts claims for "4th amendment unreasonable seizure, by excessive force. 8th amendment cruel and unusual punishment. 14th amendment due process" for an incident that allegedly occurred on August 20, 2023 as follows:

> … [At] around 10PM officer Wolfe of HCSD and others came to my cell. I was standing @ the open door /w towel on left shoulder and my reading glasses in my right hand. Officer Wolfe had door opened. He asked if I could get ready to be cuffed. I asked if I could throw my glasses and towel on the bed. So in event of turning to do so, he grabbed me, or tried to. So the other officers thought something, however, I didn't show a threat. But (3) officer's attacked me including Wolfe by grabbing my arms, the other pushing my head into the floor 3x or more, between

---

[1] The Plaintiff is presently incarcerated at the Transylvania County Detention Center on a sentence for violating a domestic violence protection order, Henderson County District Court Case No. 23CR374262. See Fed. R. Ev. 201.

my legs, and they were saying stop fighting. I told them numerous times 'I'm not fighting.' But then I felt a deep cut, on the right side of my back, from something sharp.

[Id. at 3, 5] (errors uncorrected). The Plaintiff was then told to stand up and he was handcuffed. The cuff of his left wrist placed backwards, causing extreme pain and bruising. [Id. at 5]. Plaintiff was escorted to the "rec. yard" where he was instructed to kneel on concrete, facing a wall, for 30 to 40 minutes until it was his turn to be searched. [Id.].

The next day, the Plaintiff went to medical where a nurse looked at his "wound" for a few seconds and said "it's okay." [Id.]. Plaintiff saw a therapist because he felt traumatized by the "events," which appears to include the "aggressive officers" and a "dog that was brought in…." [Id.].

For injury, the Plaintiff claims "an additional challenge in [his] life of mental, physical abuse," as well as "torn flesh from being cut by metal, bruised/sore ribs…, mental anguish resulting in sleep deprivation, shock, and high anxiety which leads [him] to reacting in a frighted manner when [his] cell door is opened, with thoughts of being jumped again." [Id. at 4-5] (errors uncorrected). He seeks damages and injunctive relief.[2] [Id. at 5].

## II.   STANDARD OF REVIEW

---

[2] It appears that the Plaintiff's requests for injunctive relief are moot insofar as the Plaintiff no longer resides at the HCDC. See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("the transfer of an inmate from a unit or location where he is subject to [a] challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief."). Moreover, some of the relief that the Plaintiff seeks, *i.e.* an investigation of the incident and a reprimand of the officers, is outside the purview of this § 1983 action. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir.2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Van Houten v. Gaskill, 2006 WL 749410 (D.Kan. March 22, 2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court).

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

It appears that the Plaintiff is attempting to name the HCDC as a Defendant. [Doc. 1 at 1 (naming "Henderson County Det." in the case caption)]. However, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989).

"Henderson County Det." is, therefore, dismissed from this action with prejudice.

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 5 (referring to Lt. Helton, "medical," "Nurse," and "therapist"))]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The Court also notes that many of the Plaintiff's allegations are so vague and fragmented that the Court cannot determine the nature of the allegation, or whether the allegation refers to any individual who has been named as a Defendant in this action. [See, e.g., Doc. 1 at 5 (during the cell incident, referring to "between [his] legs" without explaining more; and claiming "I was afraid, cause of the dog they brought in as well")]; Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations directed at individuals not named as Defendants, which are not clearly attributed to any Defendant, or from which the Court cannot discern the nature of the claim, are dismissed without prejudice.

Under the Fourteenth Amendment,[3] "a pretrial detainee has a right under the Due Process

---

[3] The Plaintiff's claims of "unreasonable seizure, by excessive force" under the Fourth Amendment, and of "cruel and unusual punishment" under the Eighth Amendment appear to be duplicative of, and are subsumed by, the Plaintiff's Fourteenth Amendment claims. [Doc. 1 at 4].

4

Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 F. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely an objective one." Id. at 397. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

An individual pretrial detainee may also raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

The allegations are too vague and conclusory to state a plausible Fourteenth Amendment violation against any of the Defendant detention officers. As to the use of force, the Plaintiff claims that the Defendants "thought something" as Plaintiff turned to throw his towel and glasses on his bunk. In response, the Defendants grabbed his arms, pushed his head into the floor repeatedly, and said to stop fighting. Plaintiff has failed to plausibly suggest that any Defendant intended to punish him, or used objectively unreasonable or penologically unjustified force. At most, the allegations

5

suggest that the officers misinterpreted his movement as a threat and that they restrained him as a result. As to the Plaintiff's claim that something cut his back during this incident, he does not plausibly suggest that this cut was inflicted purposefully by any Defendant or that it was done with an intent to punish him. Likewise with the handcuffing, the Plaintiff does not plausibly allege that any Defendant purposefully applied a cuff backwards, or even knew that this had occurred or that the Plaintiff was in pain. Next, the Plaintiff claims that he was made to kneel, facing a wall, for 30 to 40 minutes while he waited for his turn to be searched. Although this wait was likely unpleasant, the Plaintiff has failed to plausibly allege that it was disproportionate, arbitrary, and unjustified by a penological objective such that his constitutional rights were violated. The Plaintiff's claims against Defendants Wolfe, Staggs, Hendrix, and John Doe are, therefore, dismissed without prejudice.

### IV. CONCLUSION

In sum, the Plaintiff has failed to state a claim against any Defendant and the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The claims against "Henderson County Det." are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

### **ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. The claims against Defendant "Henderson County Det." are **DISMISSED WITH PREJUDICE.**

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: February 1, 2024

Robert J. Conrad, Jr.
United States District Judge